SHICK, In re. See Case No. 12,455.

## Case No. 12,783.

SHIEFFELIN v. WHEATON.

[1 Gall. 441.] [1]

Circuit Court, D. Rhode Island.. June Term, 1813.

INSOLVENCY—RHODE ISLAND ACT—DEBT NOT YET DUE.

The insolvent act of Rhode Island extends to discharge the party from debts and contracts not yet due, and the bar created thereby applies to the debt or contract, in whatever court it is sued. where the contract was made in the state.

[Cited in Woodhull v. Wagner, Case No. 17,975.]

This action was brought to recover the contents of a promissory note, dated at Providence. &c., given by the defendant [Levi Wheaton] to the plaintiff [Jacob Shieffelin], payable at a certain time, which had elapsed before the suit was brought. The defendant pleaded a discharge under the insolvent act of Rhode Island, after the note was given and before it became due. To this plea there was a general demurrer and joinder.

Tristram Burgess. for plaintiff.

Mr. Robbins, for defendant.

STORY, Circuit Justice. It appears, that the plaintiff is a citizen of New York, and the defendant a citizen of Rhode Island, and the note was made at Providence in Rhode Island. and (for ought that appears) to be executed there. Under these. circumstances,

the cause is to be governed by the lex loci contractus; and a discharge good by the law of the place, where the contract is made and is to be executed, is good every where. It has been argued, that the insolvent act of Rhode Island does not bar a debt not due at the time of the insolvency. But on examining the act, the words are sufficiently broad to discharge the party from all debts, which have not then fallen due. Such debts have been always admitted to be proved under the commission, and have been uniformly held by the state courts to be barred by the act. A construction of so old a statute, which has been uniformly sanctioned by the judicial courts of the state, and recognised in practice, I should not feel at liberty to disturb, even if more doubts accompanied that construction, than I profess to feel.

It has been further argued, that the act was designed to bar the remedy only in the state courts, and not in the United States courts; but I am satisfied that this construction cannot be supported. The language of the act is too explicit to admit of doubt. It gives the party coming in under it a complete discharge from all contracts within its purview. It has been suggested, that in point of fact the consideration of the present note was a satisfaction of a judgment obtained by the plaintiff against the defendant, in the state courts of Rhode Island, on a contract originally made between the parties in New York, and that, if these facts would vary the legal result. the plaintiff would withdraw his demurrer by leave of the court and reply the special facts. I do not perceive how these facts can vary the legal principles applicable to the case. The court can only look to the place of the present contract, and not to the place of any former contract, which gave rise to the present. If money had been lent in Rhode Island, and a note afterwards given in New York, and payable there, for the amount, there could be no doubt that the contract would be governed by the law of that state.

No question has been made. as to the constitutionality of the insolvent law of Rhode Island. On that point. therefore, I give no opinion. But on the other grounds. I adjudge the plea in bar good, and let judgment be entered accordingly.

Judgment for the defendant.